Commonwealth of Pennsylvania *v.* Marco Electric Manufacturing Corporation, Appellant. (2 Cases)

Argued February 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and CRAIG. Judges MENCER and MACPHAIL did not participate.

*Alan I. Baskin,* for appellant.

*Robert Patrick Coyne,* Deputy Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 19, 1979:
These consolidated cases come before us on appeal from a decision of the Board of Finance and Revenue, divided three-two, refusing appellant's petitions for refund of 100 percent penalties assessed under Section 352(e) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* added by Section 4 of the Act of August 31, 1971, P.L. 382, *as amended,* 72 P.S. §7352(e), *i.e.,* failure to truthfully account for and pay over Pennsylvania income tax withheld by it from its employees. We affirm.

The controlling facts are not in dispute. Appellant withheld Pennsylvania income tax from its employees during 1971 and 1974, issued W-2 statements, retained the funds in its payroll account, but failed to account for the funds to the Commonwealth until after an audit which appellant requested appellee con-

duct in August of 1974.[1] From the stipulated facts and the undisputed testimony, it is clear that no fraud was intended or involved. It is equally clear that Section 352(e) does not require fraud for the 100 percent penalty to be operative.

> (e) Any person required to collect, account for and pay over any tax imposed by this article who wilfully fails to collect such tax or truthfully account for and pay over such tax, or wilfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded or not collected or not accounted for and paid over. No penalty shall be imposed under subsection (b), (c) or (h) for any offense to which this subsection (e) is applicable.

We are not prepared to hold that every instance where tax is withheld and not paid over is willful. However, we are prepared to hold that when the retained funds remain in the taxpayer's payroll account, W-2 statements issued, and the taxpayer has complete control of the funds at all times, it is willful if the funds are not paid over after two and one-half years.

Appellant candidly accounts for not remitting the withheld tax by stating its responsible corporate officer did not know it was not being remitted. However, that corporate officer equally candidly stated in his testimony that in 1972 when he learned that the federal payroll taxes had been withheld but not re-

---

[1] The collection of the 1972 and 1973 tax withheld was conducted by the Collection Division of the Department of Justice and is not in dispute here. There the 100 percent penalty was "compromised" at 15 percent.

mitted, he did not inquire whether the Pennsylvania tax had been paid over. His reason was that he had enough trouble at that time "to pay off the federal taxes." It was over two years later that appellant requested an audit of its books to determine the amount due the Commonwealth. Requesting an audit of its own books could hardly be characterized as "truthfully accounting for" the tax withheld. We would characterize this conduct as appellant bringing to the attention of the Commonwealth that appellant had failed to truthfully account for the tax and offering to cooperate with the Commonwealth's auditors in determining the amount due.[2]

Accordingly, we will enter the following

ORDER

AND Now, March 19, 1979, the decisions of the Board of Finance and Revenue at Docket Nos. CPIT 707 and 708, dated March 31, 1976 denying appellant's Petitions for Refund are affirmed. Judgment is directed to be entered in favor of the Commonwealth of Pennsylvania and against Marco Electric Manufacturing Corporation in 734 C.D. 1976 in the amount of $28,767.34 and in 735 C.D. 1976 in the amount of $28,245.00, together with costs unless exceptions be filed hereto within thirty (30) days. The said judgments, when entered, to be marked satisfied upon payment of costs only. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of record of this decree.

Judge CRAIG dissents.

---

[2] Stipulations of Fact Nos. 23 and 26 read:

23. Appellant filed the 1971 W-3 (employer's annual reconciliation of Pennsylvania Income Tax withheld) which was due January 31, 1972, on September 7, 1974.

26. The amounts shown on the W-3's filed by Appellant were in conformity with the amounts found to be due by the Personal Income Tax Bureau in their audit.